IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **PATRICK DAVID DURHAM,** ] | |
| ] | |
| **Plaintiffs,** ] | |
| ] | |
| **v.** ] | |
| ]  **CV-09-BE-1234-M** | |
| **DOLGENCORP, LLC a/k/a DOLLAR** ] | |
| **GENERAL,** ] | |
| ] | |
| **Defendant.** ] | |
| ] | |
| ] | |

## MEMORANDUM OPINION

This matter is before the court on "Notice of Removal" (doc. 1), this court's "Order to Show Cause" (doc. 3), and Defendant's response to that order (doc. 5). In the Notice of Removal, Defendant acknowledges that Count One of the case arises under the workers' compensation laws of the State of Alabama and is not proper for removal; however, it requests that this court sever and remand Count One to the Circuit Court of DeKalb County, Alabama, but retain jurisdiction of the only remaining count. (doc. 1, ¶3 & n. 1). For the reasons stated below, the court will REMAND the entire case *sua sponte*.

Federal courts have narrowly circumscribed jurisdiction. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Therefore, "[a] federal court not only has the power but also the obligation" to inquire into jurisdictional issues "whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam).

Dolgencorp admits that Count One is inappropriate for removal; therefore, Dolgencorp's assertion of federal jurisdiction rests upon Count Two.  In its Notice of Removal, Dolgencorp asserts that although Count Two purports be a breach of contract claim under state law, it falls within the purview of and is pre-empted by the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.*  (the "FLSA").  Although no party has yet filed a motion to remand the entire case or otherwise argued that federal jurisdiction does not exist as to Count Two, the court addresses this issue *sua sponte.*

To determine the presence or absence of federal question jurisdiction in a removal case,

> the district court has before it only the limited universe of evidence available when the [issue of jurisdiction is raised] – i.e., the notice of removal and accompanying documents.  If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings.  The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars.

*Lowery v. Ala. Power Co.,* 483 F.3d 1184, 1214-15 (11th Cir. 2007) (footnotes and internal citations omitted).  In examining the Complaint itself, courts apply the "'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Rivet v. Regions Bank of La*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  This rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  *Caterpillar Inc.*, 482 U.S. at 392.  However, the artful pleading doctrine, an "independent corollary" to the well-pleaded complaint rule, provides that "a plaintiff may not defeat removal by omitting to

2

plead necessary federal questions." *Rivet,* 522 U.S. at 475 (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983)).  Thus, a court may uphold removal if it concludes that a plaintiff has "'artfully pleaded' claims in this fashion. . . even though no federal question appears on the face of the Complaint.  The artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim." *Rivet*, 522 U.S. at 475.

In the instant case, Count Two of Durham's Complaint does not expressly reference the FLSA, or any federal statute.  Neither does it state that Dolgencorp committed acts that would violate the FLSA, such as the failure to pay overtime or failure to pay at a minimum wage rate. It simply states that "Defendant also did not pay Plaintiff $176 for four days of work."  While that statement alone would appear to be too slender a thread to hold the suit in federal court, Dolgencorp argues that any claim for unpaid wages must be brought "under the federal FLSA, and not under a state law breach of contract theory."  (Pl.'s Br. in Response to Show Cause doc. 5, at 9).  This court does not agree.

The FLSA entitles workers to sue their employers to recover unpaid overtime compensation and to recover when they have not been paid at the minimum wage rate. *See* 29 U.S.C. §§ 206, 207, 216(b).  It also entitles them to sue when they are discharged or suffer other discrimination for their involvement in activities or proceedings under or related to the FLSA.  *See id.* & § 215.  The FLSA does not, however, create a federal remedy for every worker who has not been compensated fully for work performed. Contrary to Dolgencorp's assertion, Eleventh Circuit case law does not support the proposition that the FLSA always preempts state law contract claims for unpaid wages and

thus, every unpaid wage claim must be brought under the FLSA. *See, e.g., Atlanta Prof'l Firefighters Union v. City of Atlanta,* 920 F.2d 800, 806 (11th Cir. 1991) (affirming the district court's award of unpaid wages under a breach of contract theory and finding that the FLSA did not pre-empt a state law contract claim that sought to recover unpaid wages for time – such as holiday and relief days – that was compensable under the contract but not under the FLSA); *see also Avery v. City of Talladega, Ala.*, 24 F.3d 1337, 1348 (11th Cir. 1994) (finding that the district court erred in holding that the FLSA pre-empted a state law contractual claim for unpaid wages). Although Dolgencorp cites numerous cases in its Notice of Removal and brief, these controlling cases are noticeably absent.

      Dolgencorp argues federal jurisdiction exists even if FLSA does not pre-empt the state law contractual claim, because Count Two "arises under" FLSA laws; it claims that resolution of Count Two necessarily requires referencing the statutory language, regulations and interpretative guidelines of the FLSA. The court rejects this argument. The Complaint in question simply alleges that Dolgencorp failed to pay Durham for four days' work, and does not refer to overtime, a sub-minimum wage rate, or discrimination suffered because of FLSA activity. Although the court could obviously conceive of a scenario in which the resolution of an unpaid wage claim would require reference to and application of the FLSA, such speculation is improper where the Complaint or removal documents themselves do not implicate a significant issue under the FLSA or otherwise establish federal jurisdiction. *See Lowery*, 483 F.3d at 1214-15 (stating that where the evidence in removing documents is insufficient to establish jurisdiction, neither the defendants nor the court may speculate to make up for deficiencies); *see also Empire*

*Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006) (stating that "it takes more than a federal element to open the 'arising under' door") (citing Grable *& Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005)).

For all of these reasons, the court finds that Count Two is not a cause of action preempted or created by the FLSA, or any other federal law, nor is it one arising under federal law for Section 1331 purposes. Therefore, Dolgencorp's removal of this action to federal court was precipitous, at best.

"[I]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded to the state court from whence it came." *Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999) (citation omitted). Accordingly, the court will REMAND this entire action to the Circuit Court of DeKalb County, Alabama, on the grounds that the removing documents are insufficient to establish the presence of federal subject matter jurisdiction.

Dated this 24th day of August, 2009.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE